# Exhibit 1

| | |
|---|---|
| STATE OF RHODE ISLAND<br>PROVIDENCE, SC | SUPERIOR COURT |

PETER MUMMA, in his capacity as Chief Executive Officer and President of the Board of Directors of Phoenix Houses of New England, Inc.,
    *Petitioner*,

v.

PHOENIX HOUSES OF NEW ENGLAND, INC.,
    *Respondent*.

C.A. No. PM-2021-00006

## ORDER APPOINTING TEMPORARY NON-LIQUIDATING SPECIAL MASTER

The above-captioned matter came before the Honorable Brian P. Stern on January 4, 2021 on a Verified Petition for the Appointment of a Receiver ("Petition"). After consideration, it is hereby

## ORDERED, ADJUDGED, AND DECREED

1.    That Jonathan N. Savage, Esq., of Shechtman Halperin Savage, LLP, 1080 Main Street, Pawtucket, Rhode Island, is appointed as Temporary Non-Liquidating Special Master, with all the powers of a receiver ("Special Master"), of Phoenix Houses of New England, Inc. ("Respondent").

2.    That said Special Master shall, no later than five (5) days from the date hereof, file a bond in the sum of $ 10,000.00 (Ten Thousand) with any surety company authorized to do business in the State of Rhode Island as surety thereon, conditioned that the Special Master will well and truly perform the duties of said office and duly account for all monies and property that may come

into the Special Master's hands and abide by and perform all things which the Special master will be directed to do by this Court.

3. Upon the appointment of the Special Master as set forth in Paragraph 1 above, until further Order of this Court, the Respondent's business operations shall proceed as follows:

a. Respondent's management ("Management") shall continue to operate Respondent's business on a day-to-day basis pending the entry of an Order establishing an Approved Operating Plan (defined below).  Management shall not make expenditures and/or dispose of, or encumber, assets of the Non- Liquidating Special Mastership Estate outside the ordinary course of business absent notice to and approval by the Court.  The Special Master shall not have any liability for the administration of the day-to-day operations of Respondent unless and until the Court so orders;

b. No later than ten days from the date of entry of this order, the Petitioner and Respondent shall present an operating plan ("Operating Plan") to the Special Master.  Prior to presenting the Operating Plan, the Petitioner and Respondent shall consult with the Special Master as to the contents of the Operating Plan.  The Special Master shall then review and revise the Operating Plan as necessary.

c. As part of any proposed Operating Plan, the Petitioner and Respondent shall address providing the following monthly documentation certified by the Petitioner and Respondent as true, accurate and complete (collectively, the "Reporting

Information"), to the best of the Respondent's knowledge, information, and belief and to the extent available or able to be provided to the Special Master:

    i. balance sheet, statement of income and expenses, statement of cash flows, cash flow forecast addressing the remaining calendar year, and budget versus actual comparison report; an aged payables report and an aged receivables report; a capital expenditures report; and bank statements with monthly reconciliations.  The Petitioner and Respondent shall deliver the Reporting Information no later than the 15th day of each month for the previous month to the Special Master.  The Special Master shall have the right to audit any of the Reporting Information.

  d. Upon completion of the Operating Plan, the Special Master shall then submit the Operating Plan to the Superior Court for approval (the "Recommended Operating Plan").  The Recommended Operating Plan shall address the requirements set forth in Superior Court Administrative Order 2020-04 ("Administrative Order").

4. Notwithstanding anything to the contrary herein, upon appointment the Special Master shall have the following powers and duties:

  a. Within five (5) days of entry of this order, the Special Master shall use all good faith efforts to provide notice and a copy of the Petition and the instant Order to any and all known claimants and creditors of the Respondent;

  b. The Special Master shall be authorized to contact the creditors and stakeholders of the Respondent at any time;

  c. Pending Court-approval of an Operating Plan, the Petitioner and/or Respondent shall provide the Special Master with monthly bank statements and financial

3

    reports, which shall include a reconciliation of itemized cash receipts and expenditures, as well as current cash on hand balances in a format approved by the Special Master;

d. The Special Master retains the authority, with notice to the Superior Court, to take control of all operations and assets of the Respondent if the Special Master determines that either action is being taken to remove assets of the Respondent from the supervision of the Court, or action is being taken which in the Special Master's discretion creates an unreasonable risk to the operations and/or assets of Respondent. In such event, the Special Master shall immediately petition the Court for further instructions;

e. The Special Master shall provide notice and a copy of the Recommended Operating Plan to all known creditors, stakeholders, and potential claimants of the Non-Liquidating Special Mastership by electronic mail (where possible) or first-class mail;

f. In providing notice of the Recommended Operating Plan on all known creditors, stakeholders, and potential claimants of the Non-Liquidating Special Mastership Estate, the Special Master will establish a ten (10) day comment period for creditors and/or potential claimants to comment on, or object to, the Recommended Operating Plan;

g. In addition, service of the Recommended Operating Plan on all known creditors, stakeholders, and potential claimants shall establish a hearing date for any objections to a Recommended Operating Plan that cannot be resolved by the Special Master. The date for the hearing shall be set forth in the notice to all known

creditors and potential claimants enclosing the Recommended Operating Plan and establishing the ten (10) day comment period for creditors and potential claimants to comment on, or object to, the Recommended Operating Plan. The hearing date for approval of the Recommended Operating Plan shall be scheduled no later than fifteen (15) days after service of the Recommended Operating Plan on creditors and potential claimants; and

5. That, pursuant to and in compliance with Rhode Island Supreme Court Executive Order No. 95-01, this Court finds that the designation of the aforesaid person for appointment as Special Master is warranted and required because of the Special Master's specialized expertise and experience.

6. Nothing in this Order shall prevent the Court from entering any further orders in the instant proceeding to address specific matters that may arise upon request of the Petitioner, the Respondent, the Special Master, or any other party in interest upon such notice as the Court may require under the circumstances.

7. Absent prior approval from this Court, in connection with which the Special Master shall be entitled to prior notice as the Court may require and an opportunity to be heard, the following are hereby restrained and enjoined for the duration of the appointment of the Special Master:

 a. The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Respondent that was, or could have been, commenced before the commencement

5

of the special mastership, or to recover a claim against the Respondent that arose before the commencement of the special mastership;

b. The enforcement, against the Respondent or against property of the special mastership estate, or a judgment obtained before the commencement of the special mastership;

c. Any act to obtain possession of property of, or from, the special mastership estate or to exercise control over any property of the special mastership estate;

d. Any act to create, perfect, or enforce any lien against property of the special mastership estate;

e. Any act to create, perfect, or enforce against property of the Respondent any lien to the extent that the lien secures a claim that arose before the commencement of the special mastership;

f. Any act to collect, assess, or recover a claim against the Respondent that arose before the commencement of the special mastership;

g. The setoff of any debt owing to the Respondent that arose before the commencement of the special mastership against any claim against the Respondent;

h. Furthermore, if the Respondent is the recipient of funds pursuant to the CARES Act, the Respondent is restrained and enjoined from using such funds in any manner other than as provided in the CARES Act.

8. That a citation be issued to said Respondent, returnable to the Superior Court sitting at Providence County, Rhode Island on _____February 5____, 2021, at ___11:00___ _a_.m. at which time and place this cause is set down for Hearing on the prayer for the Appointment of a Non-Liquidating Special Master; that the Clerk of this Court shall give Notice of the pendency of

6

the Petition herein by publication in *The Providence Journal* on or before ___January 22___, 2021, so long as the Special Master's Bond has been filed; which publication shall provide in part as follows:

    a.  PLEASE NOTE: THE RESPONDENT CONTINUES TO OPERATE ITS BUSINESS AND INTENDS TO USE THIS NON-LIQUIDATING SPECIAL MASTERSHIP PROCEEDING TO MAINTAIN AND RESTORE ITS ONGOING BUSINESS OPERATIONS AS A RESULT OF THE COVID-19 PANDEMIC. PLEASE CONTACT COUNSEL TO THE TEMPORARY NON-LIQUIDATING SPECIAL MASTER AT CFRAGOMENI@SHSLAWFIRM.COM FOR FURTHER INFORMATION REGARDING THE RESPONDENT'S ONGOING BUSINESS OPERATIONS.

9.    The Court shall retain jurisdiction to appoint a liquidating receiver if the Respondent is not able to effectively satisfy the operating protocols approved by the Court in accord with an Operating Plan.

ENTERED, as an Order of this Court this ___5th___ day of January, 2021.

BY ORDER:                                             ENTER:

*Brian P. Stern, J.*                         /s/ Carin Miley
                                                               Deputy Clerk I
Stern, J.                                                     Clerk, Superior Court
January 5, 2021                                January 5, 2021
Presented by:
Counsel to the Special Master,

*/s/ Christopher J. Fragomeni*
Christopher J. Fragomeni, Esq. (9476)
Shechtman Halperin Savage, LLP
1080 Main Street, Pawtucket, RI 02860
P: 401-272-1400 | F:401-272-1403
cfragomeni@shslawfirm.com