# Exhibit 2

Case Number: PM-2021-00006
Filed in Providence/Bristol County Superior Court
Submitted: 2/19/2021 4:30 PM
Envelope: 2969941
Reviewer: Jaiden H.

| | |
|---|---|
| STATE OF RHODE ISLAND<br>PROVIDENCE, SC | SUPERIOR COURT |

PETER MUMMA, in his capacity as Chief )
Executive Officer and President of the )
Board of Directors of Phoenix Houses of )
New England, Inc., )
    *Petitioner*, )
)
v. )    C.A. No. PM-2021-00006
)
PHOENIX HOUSES OF NEW )
ENGLAND, INC., )
    *Respondent*. )
)

## ORDER APPOINTING PERMANENT NON-LIQUIDATING SPECIAL MASTER
## AND
## ORDER APPROVING OPERATING PLAN

The above-captioned matter came before the Honorable Brian P. Stern on February 5, 2021, on the request for Appointment of a Permanent Non-Liquidating Special Master, and on February 11, 2021, on the Court's consideration of the Petitioner's proposed Operating Plan submitted to the Court [Envelope No.: 2931898] (the "Operating Plan") and after hearings thereon, it is hereby:

### ORDERED, ADJUDGED, AND DECREED THAT:

1.    Jonathan N. Savage, Esq., of Shechtman Halperin Savage, LLP, 1080 Main Street, Pawtucket, Rhode Island, is hereby appointed as the Permanent Non-Liquidating Special Master ("Special Master") of Phoenix Houses of New England, Inc. ("Respondent") for the duration of the administration of the Operating Plan, with all the powers of a non-liquidating receiver pursuant to Administrative Order No. 2020-04;

2.    All of the acts, doings and disbursements of the Temporary Non-Liquidating Special Master are hereby approved, confirmed and ratified;

Case Number: PM-2021-00006
Filed in Providence/Bristol County Superior Court
Submitted: 2/19/2021 4:30 PM
Envelope: 2969941
Reviewer: Jaiden H.

Case 1:21-cv-00153-MSM-PAS   Document 1-2   Filed 04/06/21   Page 3 of 7 PageID #: 27

3. That said Special Master has already obtained a bond in the amount of $10,000 with corporate surety thereon authorized to do business in the State of Rhode Island conditioned that the Special Master will well and truly perform the duties of said office, and such bond shall remain in full force and effect until further order of the Court;

4. That this permanent appointment Special Master is made in succession to the appointment of Temporary Non-Liquidating Special Master heretofore made by order of this Court, and the Permanent Special Master shall be vested with all authority previously granted to the Temporary Non-Liquidating Special Master;

5. The Operating Plan submitted to the Court in this matter is hereby approved;

6. The approved Operating Plan has to the Court's satisfaction addressed following:

   a. Protocols for the Mastership Business to operate and pay its debts as they become due in the usual course of business during the duration of the Non-Liquidating Special Mastership proceedings;

   b. Pre-petition debts; and

   c. The Mastership Businesses' operating plan to successfully exit the Non-Liquidating Special Mastership;

7. In fulfillment of the reporting requirements set forth in Rule 66 (e) of the R.I. Sup. Ct. R. Civ. P., and Administrative Order No. 2020-04, the Approved Operating Plan shall be updated through reports of the Special Master to the Superior Court on thirty (30) day intervals, until and unless the Court orders otherwise. Reports shall be noticed for hearing with notice to all creditors and claimants in accord with the same procedures applicable to liquidating special mastership proceedings;

Case Number: PM-2021-00006
Filed in Providence/Bristol County Superior Court
Submitted: 2/19/2021 4:30 PM
Envelope: 2969941
Reviewer: Jaiden H.

8. In addition, the Special Master shall file with the Court, on or before May 1 and October 1 of each year, a Control Calendar Report.

9. The Petitioner shall continue operating a Mastership Business on a day-to-day basis in accordance with the Approved Operating Plan and shall not make expenditures and/or dispose of, or encumber, assets of the Non-Liquidating Mastership Estate outside the ordinary course of business as established by the Approved Operating Plan, absent notice to and approval by the Superior Court.

10. The Non-Liquidating Special Master shall not have any liability for the administration of the Approved Operating Plan;

11. The Mastership Business shall report to the Special Master at intervals and in a manner established by the Special Master to ensure that the Mastership Business is operating in accord with the approved Operating Plan;

12. The Mastership Business shall be required to secure Court approval after notice to all known creditors and claimants and a hearing thereon, through an amendment of the Approved Operating Plan, for all expenditures and the disposal, sale or encumbrance of any assets outside the normal course of Mastership Business operations established by the approved Operating Plan;

13. The Special Master, with notice to the Superior Court, is authorized to take control of day-to-day business operations to the extent necessary to ensure that actions are taken by the Mastership Business are in compliance with the approved Operating Plan. In the event such action is necessary, the Special Master shall immediately petition the Superior Court for further instructions pursuant to Sections 5 and 6 of Administrative Order No. 2020-04;

14. The Special Master retains the authority, with notice to the Superior Court, to take control of all operations and assets of the Mastership Business if the Non-Liquidating Special

3

Case Number: PM-2021-00006
Filed in Providence/Bristol County Superior Court
Submitted: 2/19/2021 4:30 PM
Envelope: 2969941
Reviewer: Jaiden H.

Case 1:21-cv-00153-MSM-PAS   Document 1-2   Filed 04/06/21   Page 5 of 7 PageID #: 29

Master determines that action is being taken to remove assets of the Mastership Business from the supervision of the Superior Court. The Special Master shall immediately petition the Superior Court for further instructions pursuant to Sections 5 and 6 of Administrative Order No. 2020-04.

15. Absent prior approval from this Court, in connection with which the Special Master shall be entitled to prior notice as the Court may require and an opportunity to be heard, the following are hereby restrained and enjoined for the duration of the Non-Liquidating Mastership Proceedings:

 a. The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Respondent that was, or could have been, commenced before the commencement of the special mastership, or to recover a claim against the Respondent that arose before the commencement of the Special Mastership;

 b. The enforcement, against the Respondent or against property of the Special Mastership Estate, or a judgment obtained before the commencement of the Special Mastership;

 c. Any act to obtain possession of property of, or from, the Special Mastership Estate or to exercise control over any property of the Special Mastership Estate;

 d. Any act to create, perfect, or enforce any lien against property of the Special Mastership Estate;

 e. Any act to create, perfect, or enforce against property of the Respondent any lien to the extent that the lien secures a claim that arose before the commencement of the Special Mastership;

4

Case Number: PM-2021-00006
Filed in Providence/Bristol County Superior Court
Submitted: 2/19/2021 4:30 PM
Envelope: 2969941
Reviewer: Jaiden H.

Case 1:21-cv-00153-MSM-PAS   Document 1-2   Filed 04/06/21   Page 6 of 7 PageID #: 30

f. Any act to collect, assess, or recover a claim against the Respondent that arose before the commencement of the Special Mastership;

g. The setoff of any debt owing to the Respondent that arose before the commencement of the Special Mastership against any claim against the Respondent;

h. Furthermore, if the Respondent is the recipient of funds pursuant to the CARES Act, the Respondent is restrained and enjoined from using such funds in any manner other than as provided in the CARES Act.

16. The foregoing paragraph 15 does not stay the exercise of rights of a party to a swap agreement, securities contract, repurchase agreement, commodity contract, forward contract or master netting agreement, as those terms are defined in the Federal Bankruptcy Code, to the extent that a court would not have the power to stay the exercise if Respondents were a debtor under the Bankruptcy Code.

17. Upon conclusion of the administration of the approved Operating Plan, the Special Master shall report to the Court with regard to establishing protocols to conclude the instant Non-Liquidating Mastership proceedings.

18. Nothing in this Order shall prevent the Court from entering any further orders in the instant proceeding to address specific matters that may arise upon request of the Petitioner, the Respondent, the Special Master, or any other party in interest upon such notice as the Court may require under the circumstances.

19. The Court shall retain jurisdiction to appoint a liquidating Receiver if the Respondent is not able to effectively satisfy the operating protocols approved by the Court in accord with an Operating Plan.

Case Number: PM-2021-00006
Filed in Providence/Bristol County Superior Court
Submitted: 2/19/2021 4:30 PM
Envelope: 2969941
Reviewer: Jaiden H.

Case 1:21-cv-00153-MSM-PAS   Document 1-2   Filed 04/06/21   Page 7 of 7 PageID #: 31

20. This Order is entered by virtue of and pursuant to this Court's equity powers.

ENTERED, as an Order of this Court ~~this ___ day of February, 2021~~.  March 1, 2021

BY ORDER:                                                    ENTER:

*Brian P. Stern, J.*                                         /s/ Carin Miley
_____                                      _____
Stern, J.                                                    Deputy Clerk I
March 1, 2021                                                Clerk, Superior Court
                                                             March 1, 2021

Submitted by:

Counsel to the Special Master,

/s/ *Christopher J. Fragomeni*
Christopher J. Fragomeni, Esq. (9476)
Shechtman Halperin Savage, LLP
1080 Main Street, Pawtucket, RI 02860
P: (401) 272-1400 | F: (401) 272-1403
cfragomeni@shslawfirm.com

## CERTIFICATION OF SERVICE

I certify that on the 19th day of February, 2021, the within document was electronically filed and electronically served through the Rhode Island Judiciary Electronic Filing System, on all parties registered to receive electronic service in this matter. The document is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/ *Christopher J. Fragomeni*